UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MARCIA CARROLL-BRUFSKY and
ALLEN D. BRUFSKY,

    Plaintiffs,

v.                                                             Case No.  2:11-CV-500-FtM-99DNF

THE E.W. SCRIPPS COMPANY and US
BANK, N.A., AS TRUSTEE FOR THE
BENEFICIARIES & DESIGNEES OF THE
1993 REVOCABLE TRUST OF FRANK C.
BLUMEYER,

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant E.W. Scripps Company's Motion to Dismiss the Third Amended Complaint, Motion to Strike, and Supporting Memorandum of Law (Dkt. 33) and Plaintiffs' Response in opposition (Dkt. 35). The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted.

**BACKGROUND**

On or about September 2, 2011, *pro se* Plaintiffs Marcia Carroll-Brufsky and Allen D. Brufsky filed this case against Defendants E.W. Scripps Company ("Scripps") and US Bank, N.A., as Trustee for the Beneficiaries & Designees of the 1993 Revocable Trust of Frank C. Blumeyer ("US Bank"), alleging a defamation claim against Scripps, and claims for defamation, abuse of process, and malicious prosecution against US Bank. Subsequently,

Magistrate Judge Douglas N. Frazier dismissed Plaintiffs' complaint because the complaint did not properly allege jurisdiction and did not include <u>both</u> Plaintiffs' signatures (Dkts. 27 & 31).

On February 6, 2012, Plaintiffs filed their third amended complaint (Dkt. 33). This case is at issue upon Scripps' motion to dismiss and strike. Scripps argues that the defamation claim does not state a claim and Plaintiffs' requests for punitive damages and attorneys' fees should be stricken.

As set forth below, the Court concludes that Plaintiffs' defamation claim against Scripps falls woefully short of alleging sufficient facts to state a claim to relief that is plausible on its face. Also, Plaintiffs' demand for punitive damages does not include the necessary allegation of malicious intent or specific acts on the part of Scripps that would entitle Plaintiffs to an award of punitive damages. Finally, Plaintiffs are not entitled to attorneys' fees as a matter of law.

## **STANDARD OF REVIEW**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in

the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims").  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

**I.      Plaintiffs' Defamation Claim against Scripps**

Plaintiffs' defamation claim relates to an article published in the Naples Daily News, a newspaper owned by a subsidiary of Scripps (Dkt. 32-6).  The article, entitled "Love and war in Port Royal" discussed, among other things, Plaintiffs' relationship with their former neighbor and friend, Frank Blumeyer, a "successful multimillionaire," now deceased, and Plaintiffs' dispute with Blumeyer's children over Blumeyer's estate.[1]  Plaintiffs' sole substantive allegation on the defamation claim is that "[t]he defendants . . . have, individually and in concert caused to be published defamatory allegations with malice and the intent to cause considerable emotional distress and loss of income to Plaintiffs as indicated [in the

---

[1] The article, attached as Exhibit F to the complaint is partially illegible.

attached article]. Certain of said designees and beneficiaries have supplied malicious information and lied designed to embarrass, denigrate and impair [Plaintiffs'] reputation and have also published same independently of [Scripps]." (Dkt. 32 at ¶13).

As Scripps points out in its motion, in order to state a cause of action for libel or slander under Florida law, a plaintiff must allege: (1) a false and defamatory statement of and concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) damages. *Bassler v. George Weston Bakeries Dist., Inc.*, 2008 WL 4724434, at *3 (M.D. Fla. Oct. 24, 2008) (citing *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 803-04 (Fla. 1st DCA 1997)). Also, when suing a media defendant, like Scripps, a plaintiff must also allege compliance with Florida Statute § 770.01, which is a jurisdictional condition precedent.[2] *Ross v. Gore*, 48 So. 2d 412, 415 (Fla. 1950).

Plaintiffs do not plead all of the basic elements of a defamation claim, let alone the facts sufficient to make their claim plausible under the *Twombly/Iqbal* pleading standards set forth above. For example, Plaintiffs do not specify any false or defamatory statements. Plaintiffs do not allege facts regarding publication besides the attachment of a partially illegible copy of an article published by the Naples Daily News. Also, Plaintiffs do not allege that they complied with Section 770.01.[3] Finally, Plaintiffs fail to allege a lack of

---

[2] Section 770.01 states that "[b]efore any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory."

[3] Although Plaintiffs argue that "Exhibit A of the Complaint" includes the statutory request for a retraction under section 770.01, said exhibit is not attached to the third amended complaint and (continued...)

privilege on the part of Scripps.

Accordingly, Scripps' motion to dismiss Plaintiffs' defamation claim is granted to the extent that this claim is dismissed without prejudice.[4]

## II.   Scripps' Motion to Strike Plaintiffs' Claim for Punitive Damages

Plaintiffs request punitive damages in the third amended complaint. Scripps argues that Plaintiffs do not allege sufficient facts in support of punitive damages. The Court agrees.

Florida law requires a plaintiff to plead specific acts of the defendant that justify a punitive damage award. *Porter v. Ogden, Newell & Welch,* 241 F.3d 1334, 1341 (11th Cir. 2001) (citing *Bankest Imports, Inc. v. ISCA Corp.,* 717 F.Supp. 1537, 1542-43 (S.D. Fla. 1989)); *see also Malowney v. Zacur, Graham & Costis, P.A.*, 2011 WL 1655572, at *3 (M.D. Fla. May 2, 2011); *Fields v. Mylan Pharmaceuticals, Inc.*, 2009 WL 7115134, at *3 (N.D. Fla. Feb. 11, 2009). And to recover punitive damages under a defamation claim against a media defendant, like Scripps, with respect to a matter of public concern, a plaintiff must allege that said defendant acted with malicious intent. *See Hunt v. Liberty Lobby*, 720 F.2d 631, 650 (11th Cir. 1983).

Plaintiffs' third amended complaint is bereft of any specific acts on the part of Scripps that would justify a demand for punitive damages under Florida law. Accordingly, Scripps' motion to strike Plaintiffs' claim of punitive damages is granted.

---

[3](...continued)
the third amended complaint does not contain any allegations related to any request made on the part of Plaintiffs for a retraction.

[4] Curiously, Plaintiffs' response points out that they are also alleging a claim of intentional infliction of emotional distress against "the author of the publication," i.e., Scripps, despite the fact that the third amended complaint does not appear to allege such a claim against either Defendant.

**III.     Scripps' Motion to Strike Plaintiffs' Claim for Attorneys' Fees**

Plaintiffs' defamation claim does not establish a statutory or contractual basis for attorneys' fees and Plaintiffs do not cite to any authority entitling them to attorneys' fees in their response to Scripps' motion.  Accordingly, Scripps' motion to strike Plaintiffs' claim of attorneys' fees is granted.[5]

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant E.W. Scripps Company's Motion to Dismiss the Third Amended Complaint, Motion to Strike, and Supporting Memorandum of Law (Dkt. 33) is GRANTED as stated herein.

2.     Plaintiffs' defamation claim against Scripps is dismissed without prejudice to Plaintiffs to amend this claim within twenty (20) days of this Order.

3.     Plaintiffs' claims for punitive damages and attorneys' fees are hereby stricken from the third amended complaint with respect to their application to Scripps.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\J-Gunlach\2-11-cv-500.mtdismiss33.wpd

---

[5] Notably, Plaintiffs are not even represented by an attorney in this matter and their *pro se* status would not entitle them to attorneys' fees.