UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MARCIA CARROLL-BRUFSKY and
ALLEN D. BRUFSKY,

    Plaintiffs,

v.                                                                     Case No. 2:11-CV-500-FtM-99DNF

THE E.W. SCRIPPS COMPANY and US
BANK, N.A., AS TRUSTEE FOR THE
BENEFICIARIES & DESIGNEES OF THE
1993 REVOCABLE TRUST OF FRANK C.
BLUMEYER,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant U.S. Bank, N.A.'s Motion to Dismiss or, Alternatively, Motion for Summary Judgment and Motion to Strike (Dkt. 37), Plaintiffs' Response (Dkt. 39), Plaintiffs' Motion to Amend (Dkt. 40), and Defendant U.S. Bank, N.A.'s Response in opposition (Dkt. 41). The Court, having reviewed the motions, response, and being otherwise advised of the premises, concludes that Plaintiffs' motion to amend should be granted and Defendant's motion to dismiss should be denied as moot.

## DISCUSSION

On or about September 2, 2011, *pro se* Plaintiffs Marcia Carroll-Brufsky and Allen D. Brufsky filed this case against Defendants E.W. Scripps Company ("Scripps") and US Bank, N.A., as Trustee for the Beneficiaries & Designees of the 1993 Revocable Trust of Frank C. Blumeyer ("US Bank"), alleging a defamation claim against Scripps, and claims

for defamation, abuse of process, and malicious prosecution against US Bank. Subsequently, Magistrate Judge Douglas N. Frazier dismissed Plaintiffs' complaint because the complaint did not properly allege jurisdiction and did not include <u>both</u> Plaintiffs' signatures (Dkts. 27 & 31).

On February 6, 2012, Plaintiffs filed their third amended complaint (Dkt. 32). On February 20, 2012, Defendant Scripps filed a motion to dismiss and strike (Dkt. 33). On April 9, 2012, this Court granted Scripps' motion to dismiss and strike, without prejudice to Plaintiffs to amend their claim (Dkt. 36). On April 16, 2012, Defendant US Bank filed the instant motion (Dkt. 37). Notably, US Bank's motion relates to the third amended complaint that the court previously dismissed as to Defendant Scripps. And a number of US Bank's arguments in favor of dismissal were previously addressed by the Court as they related to Scripps.

Presumably, in light of the above chain of events, Plaintiffs seek to amend their complaint in response to US Bank's motion, so that they can comply with the Court's April 9, 2012 Order and amend their complaint as to both Defendants.

Upon consideration of Plaintiffs' *pro se* status and in the interest of efficiency, the Court concludes that Plaintiffs should be permitted to amend their complaint as to Defendant US Bank. Importantly, this is Plaintiffs <u>final opportunity to amend their complaint</u>. Any future dismissals of the complaint will be <u>with prejudice</u>.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Amend (Dkt. 40) is GRANTED. Plaintiffs shall file their amended complaint within fourteen (14) days of this Order. The Clerk of Court shall docket said complaint upon receipt of same.

2. Defendant U.S. Bank, N.A.'s Motion to Dismiss or, Alternatively, Motion for Summary Judgment and Motion to Strike (Dkt. 37) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on May 14, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\J-Gundlach\2-11-cv-500.mts37and40.wpd