UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCIA CARROLL-BRUFSKY,
ET AL.,

      Plaintiffs,

v.                      CASE NO.  2:11-CV-500-FTM-UA-DNJ

THE E.W. SCRIPPS
COMPANY, ET AL.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 60   Motion to Enforce Settlement Agreement

Plaintiffs move to enforce the Settlement Agreement.

Plaintiffs filed a Notice of Voluntary Dismissal (Dkt. 54) pursuant to Rule 41 (a)(2) on June 25, 2012.   A Mediation Report indicating settlement was also filed.  (Dkt. 55). On July 9, 2012, the Court entered an order administratively closing the case for sixty days, pending the filing of a stipulation for dismissal.  (Dkt. 57).

Plaintiffs filed a Notice of Voluntary Dismissal on July 27, 2012.  (Dkt. 58).   The Notice is signed by Plaintiffs, and by Douglas Rankin, Esq., attorney for Estate and Trust of Frank C. Blumeyer.  Based on the statements within the Notice, the Court considers the Notice to be a stipulation for dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).   The Notice is self-executing, and served to dismiss the case with

Case No. 2:11-CV-500-FTM-UA-DNF

prejudice.   On September 10, 2012, the Court entered an order dismissing the case only as an administrative matter, to signal the Clerk of the Court to terminate the case in CMECF.

The Court notes the discussion of the Eleventh Circuit Court of Appeals in <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272, 1278 (11th Cir. 2012).  The Court did not enter an Order retaining jurisdiction prior to the filing of the Notice of Voluntary Dismissal (Dkt. 58).  In the Notice (Dkt. 58), the parties did not request that the Court retain jurisdiction for enforcement.  The parties did not condition the effectiveness of the stipulation on the Court's retention of jurisdiction for enforcement.  The Court did not retain jurisdiction for enforcement.  (Dkt. 59).   The Court concludes that the Court does not have jurisdiction to adjudicate Plaintiff's Motion to Enforce Settlement Agreement.  Plaintiffs may seek to enforce the Settlement Agreement in state court. Accordingly, it is

**ORDERED** that the Motion to Enforce Settlement Agreement (Dkt. 60) is **denied without prejudice** for lack of jurisdiction.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 19th day of June, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record